# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BOYLE, et al., ) | 1:03-cv-05162  GSA |
| ) | |
| Plaintiffs, ) | **ORDER FOLLOWING STATUS** |
| ) | **CONFERENCE** |
| v. ) | |
| ) | |
| COUNTY OF KERN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**RELEVANT PROCEDURAL HISTORY**

On February 7, 2003, Plaintiffs George A. Boyle, Noralee Boyle, Dean J. Miller,[1] Victor VeVea, Alena VeVea, Ramona Guillen, Miriam Ruiz, the Law Offices of George A. Boyle, and Giachino Family Enterprises, filed a Complaint in this Court, asserting eighteen causes of action. Plaintiffs named nine defendants, including the County of Kern, Kern County District Attorney

---

[1] The Court notes that by Stipulation adopted August 2, 2005, Plaintiff Dean J. Miller dismissed his complaint with prejudice as to all Defendants.  (Doc. 58.)

1

Edward R. Jagels, Stephen Tauzer[2] and the Estate of Stephen Tauzer,[3] and Victoria Sharp (hereafter the "County Defendants"), as well as the City of Bakersfield, Bakersfield Police Department, Scott Tunnicliffe, and Ralph Wyatt[4] (hereafter the "City Defendants").  All Plaintiffs were represented by George A. Boyle.  (*See* Doc. 1.)

On March 21, 2003, Plaintiffs filed a First Amended Complaint ("FAC"), naming the Kern County District Attorney's Office, Bakersfield City Manager Alan Tandy, and Bakersfield Police Chief Eric Matlock as additional Defendants.  (*See* Doc. 5.)  The City Defendants and the County Defendants filed answers to the FAC on April 10, 2003. (*See* Docs. 6 & 8.)

On January 28, 2004, a Stipulation was lodged with the Court requesting that the matter be stayed pending the outcome of related criminal proceedings against one of the Plaintiffs, Victor VeVea (*U.S. v. VeVea*, case no. 1:03-cr-05410).  On February 3, 2004, District Judge Oliver W. Wanger adopted the parties' stipulation and the instant matter was stayed accordingly. (*See* Doc. 50.)

## STATUS CONFERENCE PROCEEDINGS

After issuance of an order by the Ninth Circuit Court of Appeals denying Mr. VeVea's request for a hearing en banc in his criminal appellate proceeding, this Court conducted a telephonic status conference on October 6, 2011.  George A. Boyle appeared on behalf of the

---

[2] The Court's docket was recently updated to reflect that, as a result of his death, Mr. Tauzer, in his individual capacity, is no longer a Defendant in this action.  (*See, e.g.,* Doc. 73.)

[3] The Estate of Stephen Tauzer was dismissed with prejudice from this action by order dated February 11, 2008.  (Doc. 75.)

[4] Following a motion to dismiss, District Judge Oliver W. Wanger ordered that Plaintiffs' fifth and eighteenth claims against Defendant Wyatt be dismissed with prejudice, and that Plaintiffs' eleventh, sixteenth and seventeenth claims against Defendant Wyatt be dismissed in part.  Further, Plaintiffs' sixth, seventh, ninth, fourteenth, fifteenth and eighteenth claims against Defendant Wyatt were dismissed with leave to amend.  (*See* Doc. 18.)  However, Plaintiffs did not amend the complaint as to the sixth, seventh, ninth, fourteenth, fifteenth and eighteenth causes of action.  Thus, Defendant Wyatt filed his answer to the FAC and its remaining viable causes of action on November 24, 2003.  (*See* Doc. 46.)

named Plaintiffs[5]; Andrew Thompson appeared on behalf of the County Defendants; and Michael Lehman and Virginia Gennaro appeared on behalf of the City Defendants.  The Court set the matter for a status conference to address, in part, whether the stay of this matter should be lifted in light of the Ninth Circuit's decision.  (*See* USDC Case No. 1:03-cr-05410-LJO, Doc. 335.) The Court also sought to clarify issues regarding consent to magistrate judge jurisdiction.  This Court now turns to address those issues, in addition to an issue regarding legal representation.

### *The Legal Representation of Named Plaintiffs*

At the status conference, Plaintiffs' counsel Mr. Boyle advised the Court that he did *not* represent named Plaintiffs Victor VeVea or Alena VeVea.  Mr. Boyle contends the VeVeas were represented by Dean J. Miller, now deceased.  Despite Mr. Boyle's assertion however, a review of this Court's paper file, as well as that maintained on the CM/ECF system, confirms that Mr. Boyle has represented all named Plaintiffs from the time this action commenced on February 7, 2003, through to the present.  Mr. Boyle's signature appears on the original complaint and the operative FAC.  Moreover, the Court notes he has signed a number of pleadings during the course of this litigation as legal counsel for all Plaintiffs.  (*See, e.g.*, Docs. 1, 3, 11, 13, 21, 29, 32, 36-37, 57 & 80.)  The electronic docket indicates a single attorney representing all Plaintiffs: George A. Boyle.

Mr. Boyle also advised the Court that Victor VeVea was represented by "Victor Page," who could be contacted at telephone number "415-986-4558."[6]  It appears perhaps Mr. Boyle is confusing Mr. VeVea's representation in the related criminal matter with his representation in the instant civil matter.  To be clear, at this juncture, the parties are advised that the VeVeas are in fact represented by Mr. Boyle in the instant civil action, as are *all* named Plaintiffs.  Mr. Boyle

---

[5]Mr. Boyle's assertions about whom he does and does not represent in this action are addressed below.

[6]The Court believes Mr. Boyle is referring to attorney Edgar Page, who practices criminal law and is associated with the telephone number provided.

3

will remain counsel for record for all named Plaintiffs unless he takes further action to remove himself as counsel of record.

### *Consent to Magistrate Jurisdiction*

Following Chief Judge Anthony W. Ishii's Order Of Reassignment filed September 14, 2011, the parties were provided thirty days within which to complete and file a form, either consenting or declining the jurisdiction of a United States Magistrate Judge.  (Doc. 85.)

On September 16, 2011, the County Defendants filed their collective consent to magistrate jurisdiction.  (Doc. 86.)

On September 28, 2011, a form was filed by Mr. Boyle, apparently intending to consent to magistrate jurisdiction.  Nevertheless, it is not clear from the form whether that consent was intended to be on behalf of all Plaintiffs.  The form is incomplete in this regard.  Therefore, at the status conference, this Court directed Mr. Boyle to file an amended form, clearly indicating whether or not his signature represented the consent of all parties.  **Counsel shall file an amended form no later than October 21, 2011.**

The City Defendants have not yet indicated whether or not they consent or decline magistrate jurisdiction; the form is due to be filed no later than **October 14, 2011.**

Relatedly, this Court advised all parties that in light of the appointment and impending investiture of a new magistrate judge, it is possible that this matter could be reassigned to another magistrate judge in the Fresno division.

### *Plaintiff Giachino Family Enterprises*

Mr. Boyle indicated during the status conference that he was willing to dismiss all claims on behalf of named Plaintiff Giachino Family Enterprises.  The County and City Defendants offered to stipulate to such a dismissal.  Plaintiff's counsel shall file dismissal documents regarding this Plaintiff no later than thirty (30) days from the date of this Order.

*Status of the Stay of This Proceeding*

Lastly, this Court inquired of the parties whether or not, in light of the Ninth Circuit's recent mandate in the related criminal matter, the stay in this action should now be lifted.

Mr. Boyle advised the Court that it was his understanding that Plaintiff VeVea would be filing a petition for writ of certiorari with the United States Supreme Court, and thus, this matter should remain stayed.  Mr. Thompson, counsel for the County Defendants, agreed that if a petition for writ of certiorari is to be filed, the criminal action would remain pending until a ruling is issued by the United States Supreme Court.

United States Supreme Court rule 13 provides that a petition for writ of certiorari shall be filed "within 90 days after entry of the judgment" by the United States Court of Appeal. Therefore, because the July 29, 2011, judgment of the Ninth Circuit Court of Appeals took effect on September 16, 2011, it appears any petition for writ of certiorari should be filed with that court no later than December 15, 2011.  As such, it appears this case should remain stayed pending a determination of whether a petition for writ of certiorari will be filed on behalf of Plaintiff Victor VeVea.

**CONCLUSION**

According to the foregoing, the STAY of these proceedings REMAINS IN EFFECT until the related criminal matter involving Plaintiff Victor VeVea is final for all purposes.  Counsel shall have the responsibility of advising this Court once the criminal matter has concluded, either by filing a dismissal of the instant action or a stipulation lifting the stay.

Plaintiffs' counsel Mr. Boyle SHALL file an amended consent form as outlined herein, no later than October 21, 2011.  Additionally, Mr. Boyle SHALL file appropriate dispositional documents concerning Plaintiff Giachino Family Enterprises within thirty (30) days of the date of this Order.

The Court SETS a further telephonic status conference for **December 8, 2011, at 10:30 a.m.**, before the undersigned.  In the event the matter is reassigned, the status conference will be

1  taken off calendar.  Five days prior, counsel shall provide the Court with a joint statement
2  outlining the status of the filing of any petition for writ of certiorari on Mr. VeVea's behalf.
3      Finally, counsel are advised that failure to follow this Order may result in the imposition
4  of sanctions.
5      IT IS SO ORDERED.
6      Dated:   **October 7, 2011**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE