# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE A. BOYLE, et al., | ) | 1:03-cv-05162 AWI GSA |
| Plaintiffs, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE** |
| COUNTY OF KERN, et al., | ) | |
| Defendants. | ) | |

On June 11, 2012, at 10:00 a.m., this Court conducted a scheduling conference as previously noticed. (*See* Doc. 98.) Andrew Thompson appeared telephonically on behalf of the County of Kern, Edward R. Jagels, the Kern County District Attorney's Office, and Victoria Sharp ("County Defendants"); Michael G. Marderosian personally appeared on behalf of the City of Bakersfield, the Bakersfield Police Department, Scott Tunnicliffe, Ralph Wyatt, Alan Tandy, and Eric Matlock ("City Defendants"). However, no appearance was made on behalf of Plaintiffs George A. Boyle, Noralee Boyle, Victor VeVea, Alena VeVea, Ramona Guillen, Miriam Ruiz, or the George A. Boyle Law Offices. Plaintiffs are represented by attorney George A. Boyle. (*See* Doc. 91 at 3-4.)

1

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The complaint in this case was originally filed on February 7, 2003; the matter is now more than nine years old.  The most recent stay of the proceedings pending the outcome of related criminal proceedings against one of the named Plaintiffs was lifted on March 9, 2012, and the matter was set for a scheduling conference.  All parties were directed to "file a Joint Scheduling Conference Statement . . . one week prior to the hearing."  (*See* Doc. 98.)

On June 4, 2012, a scheduling report was filed on behalf of the County Defendants and City Defendants only. Defendants advised the Court that Plaintiffs did not participate in the preparation of the joint scheduling report. (Doc. 104.) At the scheduling conference, Mr. Thompson clarified that while he spoke with Mr. Boyle once briefly about the preparation of the scheduling report, despite three subsequent attempts to reach Mr. Boyle by telephone regarding the matter, he was unable to do so.

Accordingly, counsel for Plaintiffs, George A. Boyle, **SHALL PERSONALLY APPEAR** on **Friday, July 13, 2012, at 10:00 a.m. in Courtroom 10**, to show cause, if any, why this action should not be dismissed for Plaintiffs' failure to comply with the Local Rules, to follow a Court order, and to prosecute this action. *Counsel for Plaintiffs is cautioned that a failure to personally appear at the hearing on this Order to Show Cause will result in a recommendation that this action be dismissed in its entirety.*

IT IS SO ORDERED.

Dated:   **June 11, 2012**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE