# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BOYLE, et al., | 1:03-cv-05162 AWI GSA |
| Plaintiffs, | **ORDER AFTER SHOW CAUSE** |
| v. | **HEARING OF JULY 27, 2012** |
| COUNTY OF KERN, et al., | |
| Defendants. | |

## SUMMARY OF RELEVANT PROCEDURAL HISTORY

On March 9, 2012, a previously imposed stay was lifted in this matter. At that time, the Court set a scheduling conference for June 11, 2012, at 10:00 a.m. in Courtroom 10. (Doc. 98.)

On June 4, 2012, the County of Kern, Edward R. Jagels, the Kern County District Attorney's Office, and Victoria Sharp ("County Defendants"), as well as the City of Bakersfield, the Bakersfield Police Department, Scott Tunnicliffe, Ralph Wyatt, Alan Tandy, and Eric Matlock ("City Defendants"), filed Defendants' Joint Scheduling Conference Report.[1] In that

---

[1] Previously named Defendant Stephen Tauzer and his estate were dismissed from this action on or about February 13, 2008, following proceedings held before District Judge Oliver W. Wanger. (*See* Doc. 75.)

1

report, the County and City Defendants advised the Court that Plaintiffs failed to timely participate in preparation of the joint scheduling report. (Doc. 104.)

On June 11, 2012, the Court held the scheduling conference as calendared. Andrew Thompson appeared telephonically on behalf of the County Defendants and Michael Marderosian personally appeared on behalf of the City Defendants. No appearance was made on behalf of Plaintiffs. (*See* Doc. 106.)

In light of Plaintiffs' failure to participate in preparation of the joint scheduling report and failure to appear as ordered at the scheduling conference, the undersigned issued an Order to Show Cause. A show cause hearing was set for July 13, 2012, at 8:30 a.m., and required the personal appearance of Plaintiffs' counsel, George A. Boyle. (Docs. 107 & 109.)

On July 11, 2012, following the receipt of correspondence from Mr. Boyle, the undersigned continued the hearing on the Order to Show Cause to July 27, 2012, at 10:00 a.m. Again Mr. Boyle was ordered to be personally present. (*See* Doc. 113.)

## THE PROCEEDINGS OF JULY 27, 2012

The matter was called at 10:10 a.m. At that time, Michael Marderosian was personally present on behalf of the City Defendants, and Scott Fontes appeared telephonically on behalf of the County Defendants. No appearance was made on behalf of Plaintiffs.

The undersigned stated the reasons for issuance of the Order to Show Cause and expressed a number of concerns regarding Plaintiffs' counsel and his ability to prosecute this action and ability to continue to represent the following Plaintiffs:[2] George A. Boyle, Noralee Boyle, Victor VeVea, Alena VeVea, Ramona Guillen, Miriam Ruiz, and the George A. Boyle Law Offices.

---

[2] Previously named Plaintiff Dean J. Miller dismissed his claims, with prejudice, against all Defendants on or about August 2, 2005. (*See* Doc. 58.) Mr. Miller is now deceased. Previously named Plaintiff Giachino Family Enterprises dismissed its claims against all Defendants, with prejudice, on or about March 21, 2012. (*See* Doc. 103.)

2

1    Mr. Marderosian addressed the Court on behalf of the City Defendants, arguing Mr.
2  Boyle's conduct has prejudiced his clients and has affected their ability to effectively defend
3  themselves.  Mr. Marderosian noted that Mr. Boyle's physician's letter indicates that Mr. Boyle
4  was "'released to return to work on June 19, 2012,'" and that Plaintiffs counsel had failed to
5  make his Rule 26 disclosures in accordance with the scheduling order; the disclosures were due
6  June 22, 2012.  (S*ee* Doc. 108.)  Mr. Marderosian indicated he believes the matter should be
7  dismissed for lack of prosecution, and asked that, in the event the Court were to give Plaintiffs'
8  counsel yet another chance to appear and participate, monetary sanctions be imposed as his
9  clients have incurred expenses specifically relating to Plaintiffs' counsel's failures.
10    Then, at approximately 10:18 a.m., Mr. Boyle appeared in the courtroom; he was
11  accompanied by his wife, Plaintiff Noralee Boyle, who indicated they had become lost.
12  Thereafter, and in light of Mr. Boyle's presence, the undersigned repeated the Court's concerns.
13  Mr. Boyle was then asked whether he intended to prosecute this matter, or whether he intended to
14  withdraw as counsel, substitute in other counsel, et cetera.
15    Mr. Boyle addressed the Court's inquiries by stating that there have been "significant
16  problems" in the case, that he did "not prepare this case," and further, that the signature
17  appearing on the "second amended complaint" was not his.  He claimed he first received notice
18  of the complaint bearing an apparent forgery of his signature "some time back [when] the county
19  counsel spoke to me after we had spoken to you and she forward[ed] me a copy of the
20  complaint."  He claims he also spoke with "one of the other defendants and said [he] didn't know
21  what to do.  And he said [to] take some time and think about it and decide what you're going to
22  do."  Mr. Boyle indicated he has sought substitute counsel because he has "no intention of being
23  able to try" the case, and further stated that he has "never from day one ever intended to try this
24  case."    When asked whether he has had any contact with the other named individual
25  Plaintiffs, Mr. Boyle indicated that he is in contact with Plaintiff Miriam Ruiz because she works
26  as his paralegal.  He has had minimal contact with Plaintiff Ramona "Mona" Guillen.  Mr. Boyle

indicated that Plaintiff Victor VeVea "calls [him] periodically," but he has not had any contact with Plaintiff Alena VeVea.  In light of Mr. Boyle's responses, the undersigned then asked "whether or not this case should have any life to it after today?"  In reply, Mr. Boyle stated he believed the case should proceed with "someone at the helm that knows what's going on."  Mr. Boyle indicated Victor VeVea is such an individual and that he "attempted to be licensed [as an attorney] by the State of California," that Mr. VeVea had "passed all the exams" yet had encountered "some complications of being admitted."

Asked for input by the undersigned, Mr. Marderosian noted his concerns with regard to Mr. Boyle's assertions that the complaint does not bear his signature, that the issue of who Mr. Boyle even represents is in question, and that his own clients, despite abiding by all applicable rules, continue to be prejudiced by Mr. Boyle's actions.  Mr. Fontes, on behalf of the County Defendants, echoed and joined in Mr. Marderosian's concerns.  Both asked the Court to dismiss the case with prejudice.

### *The Amended Complaint*[3]

Mr. Boyle continued to assert his signature did not appear on the "second amended complaint."  The Court's records reflect that the operative complaint is in fact a first amended complaint filed in March 2003.  A second amended complaint has never been filed in this case, nor has any complaint "substituted [Mr. Miller out and Mr. Boyle in]," or vice versa, despite his assertions to the contrary.  George A. Boyle has always been the attorney of record for all Plaintiffs in this action and the Court's records reflect this fact.

---

[3] While Mr. Boyle referred to a "Second Amended Complaint," a second amended complaint was never filed in this matter.  The original complaint was filed on February 7, 2003.  (Doc. 1.)  The First Amended Complaint ("FAC") was filed on March 21, 2003.  (Doc. 5.)  All Defendants answered the FAC.  (Docs. 6, 8, 46.)  Plaintiffs were granted extensions of time within which to file a second amended complaint (see Docs. 19 & 22), however, they never did so.

*Issues of Representation*

Due to the representations made by Mr. Boyle during the proceedings, the undersigned expressly asked Mr. Boyle, as to each named Plaintiff, whether or not he intended to continue to represent that individual in these proceedings.

As a named Plaintiff, Mr. Boyle will continue to represent his own interests if he cannot "get another attorney" to do so. Initially, Mr. Boyle twice indicated he would *not* be representing Noralee Boyle, but later changed his mind and indicated he would continue to represent her as she is his wife. Mr. Boyle stated he did not intend to represent Victor VeVea, Alena VeVea, or Ramona Guillen. With regard to Miriam Ruiz, Mr. Boyle initially indicated he would "probably" represent her; however, when asked for a yes or no, Mr. Boyle indicated he would represent Miriam Ruiz. He will represent the interests of the Law Offices of George A. Boyle.

## CONCLUSION AND ORDERS

With regard to the issue of legal representation, Mr. Boyle shall file a motion to withdraw as counsel for Victor VeVea, Alena VeVea and Ramona Guillen, and/or any other named Plaintiff, if he does not intend to represent them. He is to provide these named Plaintiffs with notice of the hearing date, time, and location, and shall follow all applicable rules for ensuring they receive proper notice. Mr. Boyle shall further advise Victor VeVea, Alena VeVea and Ramona Guillen, and any other named Plaintiff he does not intend to represent, that if they do not appear at the hearing on the motion, this Court will recommend their claims be dismissed. The motion shall be filed no later than August 15, 2012, and will be heard before the undersigned on September 14, 2012, at 9:30 a.m. in Courtroom 10.

Additionally, Mr. Boyle is to comply with the previously issued scheduling order. Specifically, he shall now complete his Rule 26 disclosures no later than August 15, 2012.

The parties were advised that the motion for summary judgment now pending before District Judge Anthony W. Ishii is currently set to be heard August 20, 2012, at 1:30 p.m., and

that any requests related to the motion for summary judgment, or any dispositive motion, must be addressed to Judge Ishii directly.[4]

Further, as a result of Mr. Boyle's continued assertions that the signature that appears on the operative first amended complaint is not his signature, George A. Boyle is ORDERED TO SHOW CAUSE, in writing to be filed no later than August 15, 2012, why this Court should not recommend that this action be dismissed in its entirety on that basis.

Finally, further proceedings concerning this Order are set for September 14, 2012, at 9:30 a.m. in Courtroom 10. *Plaintiffs' counsel George A. Boyle is required to personally appear on that date.* Requests for continuances will not be entertained.

IT IS SO ORDERED.

Dated:   **August 8, 2012**          /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

---

[4] At the hearing of July 27, 2012, Mr. Boyle indicated he intended to "file a motion this weekend on the summary judgment," however, as of the date of this Order, no opposition to the pending motion by the City Defendants has been filed.